GAPPEN *v.* TINDALL ET AL.

[No. 15,627. Filed March 29, 1938.]

*Jackson & Hinchman, Rocap & Rocap* and *Alvah J. Rucker*, for appellant.

*Charles L. Tindall* and *Cook & Miller*, for appellees.

BRIDWELL, J.—This appeal is from a judgment rendered against appellant and in favor of appellees, in an action brought by them to recover damages for an alleged breach of contract on the part of appellant, such contract relating to the conveyance of certain real estate owned by appellees to the appellant, and the consideration to be paid therefor. The complaint was in one paragraph, and appellant filed his answer in general denial. Upon the issues thus formed, the cause was tried by the court, and there was a decision in favor of appellees for the sum of $826.54, with judgment in accord with the decision. Appellant duly filed his motion for a new trial, averring as causes therefor that the decision of the court is not sustained by sufficient evidence; that the decision is contrary to law; and that the assessment of the amount of recovery is erroneous, being too large. This motion was overruled, and an exception reserved by appellant, who thereafter perfected this appeal, assigning as error the court's action in overruling said motion.

The complaint alleges in substance that on and prior to July 28, 1933, appellees were the owners, as tenants by the entirety, of two tracts of real estate situate in Hancock County, Indiana (each tract being specifically described in the complaint), one tract containing 4 1/16 acres, and the other 32 acres, more or less; that on said date the Greenfield Banking Company, of Greenfield, Indiana, owned and held judgment against appellees in the amount of $2,051.34, which was a lien on both tracts of said real estate; that on July 10, 1933, said Greenfield Banking Company caused an execution to

issue on said judgment, which was placed in the hands of the sheriff of the county, with directions that the real estate upon which the judgment was a lien be sold to satisfy the judgment and accruing costs; that on said 28th day of July, 1933, appellees and appellant entered into an agreement by the terms of which appellees agreed to execute and deliver to appellant their warranty deed, conveying to appellant the 32-acre tract of real estate involved in this controversy, in consideration that appellant pay the balance due said Greenfield Banking Company on its said judgment, the appellees to reserve the crops then growing on said real estate and the right to excavate from the bed of the creek running through said real estate 1500 cubic yards of gravel, with the right to remove the same at any time thereafter, and also to reserve a "pile of gravel" then on said real estate; that in compliance with said agreement appellees did on said July 28, 1933, duly execute and deliver to appellant their warranty deed of conveyance to said 32-acre tract, stipulating in said deed that appellant assumed and agreed to pay said judgment in the approximate sum of $2,000.00, and also making a reservation of the gravel and growing crops; that after the execution and delivery of said deed, appellant "neglected, failed, and refused" to comply with said agreement set forth in said deed, and failed and refused to satisfy said judgment, and that thereafter on the 11th day of August 1933, said sheriff, by virtue of said execution, sold both tracts of said real estate for the sum of $1,946.34, leaving said judgment unsatisfied in the sum of $154.34, which appellant refuses to pay; that upon petition of said Greenfield Banking Company a receiver was appointed to take charge of the rents and profits during the year of redemption, and said receiver took possession of said real estate, and refused to permit appellees to remove any gravel therefrom; that by rea-

son of the failure and refusal of appellant to comply with the terms of said agreement, appellees have lost the title to said 4 1/16 acres of real estate, which at the time of the sale was of the reasonable value of $900.00, and lost the right to excavate 1500 yards of gravel of the reasonable value of $375.00, and that said judgment remains unsatisfied in the sum of $151.31, and they have been damaged in the sum of $1500.00. Judgment for that amount is demanded. A copy of the deed involved is made a part of the complaint as Exhibit A.

It appears from the evidence, without dispute, that negotiations for the transfer of this tract of land by appellees to appellant commenced as early as 1931, and were continued intermittently until July 28, 1933, when the deed conveying it to appellant was made. That prior to the making of the deed appellant had, in writing dated 7-27-33, directed. appellee George T. Tindall as follows: "Go ahead & make that deed for that 32 acres & fix the abstrtact. I have arrangements made now to handle it. A. A. Gappen. I'll be in tomorrow at Noon to see you." This written direction was placed by appellant "under the door" of the office of said George T. Tindall. The deed was prepared, and on July 28, 1933, the appellant came to Tindall's office where the deed was read to him and matters connected with the transaction were discussed. The evidence concerning the delivery and acceptance of the deed is conflicting, but there is evidence to prove that appellant, while at the office of said Tindall, read the deed himself, asked about continuing the abstract, and stated that he had arranged to get the money to pay off the incumbrance to the bank; that said deed was handed to him and he started out of the office, went out of the "reception room" then came back, handed Tindall the deed saying: "I am going

out on the well and wish you would leave that at the
house"; that Tindall. told him he would do so, and
would "get out" the abstract as soon as he could. There
is also evidence that Tindall, instead of leaving the deed
at Gappen's house, called Mrs. Gappen by telephone,
talked with her about recording the deed, and after
having done so, took the deed to the court house where,
after having the proper transfer made, he left the deed
for record with the county recorder, paying such re-
corder the required fee for its recording; that later on
the same day, and shortly after the deed was left for
record, appellant requested "the papers" from Tindall,
and was informed that the deed had been left for
record; that he went to the recorder's office and re-
quested the deed, but was told he could not take it from
the recorder's office until it was placed of record. He
told the recorder not to place it of record, but the deed
was recorded. Other evidence discloses that appellant
did not pay the judgment due to the Greenfield Banking
Company, and that on August 11, 1933, the sheriff of
Hancock County sold the two tracts of real estate in-
volved here to satisfy such judgment lien; that in due
course a sheriff's deed was executed and delivered to
the purchaser thereof, and placed of record; that there
remained unpaid on the judgment the sum of $147.21.
There is also evidence from which the trial court may
have concluded that the value of the 4 1/16 acres was
$700.00, and the value of the gravel reserved by appel-
lee when the conveyance was made in excess of $200.00,
and from which it could reasonably find that appellant
agreed to pay the judgment owing to said Greenfield
Banking Company as consideration for the conveyance
of said 32-acre tract.

One of appellant's contentions is that under the evi-
dence the appellees, if entitled to recover at all, could

recover only nominal damages, because of the fact that they, with the knowledge that he had not paid the judgment, and that the real estate had been sold to satisfy said judgment, stood by during the year of redemption and took no steps to redeem the land from the sheriff's sale. We cannot sustain this contention. Appellees had conveyed to appellant 32 acres of the land sold at sheriff's sale, and held legal title to but 4 1/16 acres of the lands included in the sale. Had they exercised any right of redemption they may have had and paid the judgment in full, the title to the 32 acres would have remained in appellant free from any lien of the judgment. We note an entire absence of any evidence tending to prove that appellant at any time, either before or after the sale, offered to reconvey to appellees the 32 acres deeded to him, and under such a state of facts he cannot be heard to say that appellees are entitled to but nominal damages, if, in fact, they have suffered more than that, as was found by the trial court.

Appellant further contends, and his brief asserts, that "the acts of the lawyer and conveyancer appellee, shown in evidence, are equivalent to fraud in the transaction and alleged delivery (of deed). They are full justification to appellant in refusing to consummate an unconscionable deal"; that the unwarranted recording of the deed is prima facie evidence of fraud. Appellant, however, did not in the trial court tender the issue of fraud and the right to be relieved from the obligations of his agreement because thereof, by any pleading. His answer was a general denial. We are not impressed with the claim so made, and find in the record ample evidence from which the trial court could reasonably have concluded that there had been a complete delivery and acceptance of the deed before it was left with the county recorder.

In determining whether there was error in overruling the motion for a new trial on account of the claimed insufficiency of the evidence to sustain the decision of the trial court, and the claimed erroneous assessment of the amount of recovery as being too large, we are bound by the well established rule that this court will not weigh the evidence, and in passing on its sufficiency will consider only such evidence as is favorable to appellee. We conclude, after reading the evidence, that it is sufficient to sustain the decision of the trial court in all respects, and that there was no error in overruling the motion for a new trial. Judgment affirmed.